**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick, #004738
J. James Christian, #023614
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
rgh@tblaw.com; jjc@tblaw.com

Liaison Counsel

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White III
Christopher S. Jones
Lester R. Hooker
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33029
Telephone:  (561) 394-3399
Facsimile:  (561) 394-3382

Proposed Co-Lead Counsel and Counsel for
Plaintiff Axel Alegre de La Soujeole

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID SHAPIRO, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATRIXX INITIATIVES, INC., WILLIAM J. HEMELT, SAMUEL C. COWLEY, TIMOTHY L. CLAROT, and CARL J. JOHNSON,<br><br>Defendants. | CV No.: 2:09-CV-01479-ROS<br><br>**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD AND LOCAL COUNSEL**<br><br>Honorable Roslyn O. Silver<br><br>(Oral Argument Requested) |

1       Class member Axel Alegre de La Soujeole ("Movant"), by and through his

2  counsel, hereby respectfully moves this Court pursuant to Section 21D(a)(3)(B) of the

3  Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as

4  amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for

5  appointment as Lead Plaintiff in the above-captioned action, and for approval of his

6  selection of Saxena White P.A. ("Saxena White") and Faruqi & Faruqi, LLP ("Faruqi")

7  as Co-Lead Counsel and Tiffany & Bosco, P.A. ("Tiffany & Bosco") as Local Counsel.

8       This Motion is made on the grounds that Movant is the most adequate lead

9  plaintiff, having suffered estimated losses of approximately $2,473.20.  In addition,

10  Movant meets the requirements of Federal Rule of Civil Procedure 23 because his claims

11  are typical of Class members' claims and he will fairly and adequately represent the

12  Class.  Finally, Movant has selected and retained Saxena White and Faruqi, law firms

13  with substantial experience in prosecuting securities fraud class actions, to serve as Co-

14  Lead Counsel, and Tiffany Bosco to serve as Local Counsel.

15       This Motion is based on the attached Memorandum of Points and Authorities, the

16  Declaration of Joseph E. White, III ("White Decl.") and the pleadings in this action and

17  such other written or oral argument as may be presented to the Court.

18       Dated: September 15, 2009.

19                    Respectfully submitted,

20                    **TIFFANY & BOSCO, P.A.**

21

22             By:    */s/ Richard G. Himelrick*

23              Richard G. Himelrick

24              J. James Christian
                  Third Floor Camelback Esplanade II

25              2525 East Camelback Road
                  Phoenix, Arizona 85016-4237

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, II
Christopher S. Jones
Lester R. Hooker
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33029

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT ...................................................................................................... 3

A.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................. 3

      1.    The Procedural Requirements Pursuant To The PSLRA ............................ 3

      2.    Movant Is "The Most Adequate Plaintiff" ................................................. 4

            (a)    Movant's Motion for Appointment As Lead Plaintiff is Timely ................................................................................ 4

            (b)    Movant Has the Largest Financial Interest Sought by the Class ...................................................................... 5

            (c)    Movant Otherwise Satisfies the Requirements of Rule 23 ............................................................................... 5

B.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................................................................................... 8

CONCLUSION .................................................................................................. 9

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

Axel Alegre de La Soujeole ("Movant"), respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (i) appointing Movant as lead plaintiff of a class of purchasers of the securities of Matrixx Initiatives, Inc. ("Matrixx" or the "Company"); and (ii) approving Movant's selection of Saxena White and Faruqi as Co-Lead Counsel for the Class and Tiffany Bosco as Local Counsel for the Class.

### PRELIMINARY STATEMENT

This case involves allegations against Matrixx and certain of its officers and directors (collectively, "Defendants") brought on behalf of all persons and entities who purchased or otherwise acquired the securities of Matrixx between December 22, 2007 and June 15, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act.  During the Class Period, Defendants issued materially false and misleading statements and failed to disclose material adverse information regarding several of its over-the-counter medical products.  Defendants' misstatements artificially inflated the price of Matrixx securities and caused substantial damages to the Class upon disclosure of the truth in June 2009.

On July 17, 2009, a complaint was filed in this Action in the U.S. District Court for the District of Arizona, asserting claims under the Exchange Act.  Pursuant to the PSLRA, this Court should appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23.  *See* 15 U.S.C. 78u-4(a)(3)(B)(iii).  Movant suffered estimated losses of $2,473.20.  To the best of his knowledge, Movant's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  Movant is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses.

In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action.  Thus, as demonstrated herein, Movant is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## STATEMENT OF FACTS[1]

Matrixx is a nutrient and drug delivery company that develops, manufactures and markets delivery systems for bioactive compounds.  ¶23.[2]  The Company, through its subsidiary, produces, markets and sells, among other pharmaceutical products, Zicam Cold Remedy nasal gel, Zicam Cold Remedy gel swabs, and Zicam Cold Remedy children's swabs ("Zicam Cold Remedy Products").  *Id.*

During the Class Period, Matrixx sold the Zicam Cold Remedy Products over-the-counter without a prescription for the purpose of combating the symptoms and duration of the common cold.  ¶24.  The Zicam Cold Remedy Products are nonprescription drugs subject to certain U.S. Food and Drug Administration ("FDA") regulations requiring the Company to submit to the FDA any reports of serious adverse events involving the products.  ¶25.

Unbeknownst to investors, Matrixx had received hundreds of consumer reports of serious adverse events involving the Zicam Cold Remedy Products, and the Company failed to submit these reports to the FDA in violation of FDA regulations.  ¶¶32-35.  The investing public did not become aware of this adverse material information until the Company disclosed that it had received a warning letter from the FDA (the "FDA Warning Letter") in which the FDA informed Matrixx of several violations involving the Zicam Cold Remedy Products.  ¶56.  Upon disclosure of this material adverse information, Matrixx's stock price plummeted on June 16, 2009 from a $19.24 closing

---

[1] These facts were derived from the allegations contained in the class action styled as *Shapiro v. Matrixx Initiatives, Inc., et al.*, No. 2:09-cv-01479-ECV (D.AZ. filed July 17, 2009).

[2] All "¶___" references are to the *Shapiro* complaint filed on July 17, 2009.

1  price the previous day to close at $5.78—a massive one-day drop of approximately 70%,

2  eventually closing at $4.83 on June 23, 2009 after the disclosure of additional material

3  adverse information.  ¶¶58, 61.

4      The *Shapiro* complaint alleges that, throughout the Class Period, Defendants failed

5  to disclose material adverse facts about the Company's operational well-being and future

6  prospects.  ¶62.  Specifically, Defendants failed to disclose or indicate (1) that Matrixx

7  had received notice of hundreds of serious adverse events regarding the Zicam Cold

8  Remedy Products; (2) that Matrixx failed to report these incidents to the FDA despite

9  having an obligation to do so; (3) that the Company failed to comply with FDA

10  regulations despite repeated assurances of its compliance; and (4) that, as a result of the

11  foregoing, the Company's statements about its meeting FDA regulations were false and

12  misleading when made.  ¶63.

## ARGUMENT

13

14      As discussed below, Movant satisfies each of the requirements set forth in the

15  PSLRA and is qualified for appointment as Lead Plaintiff for the Class in the Action.

16  Movant also seeks approval by this Court of its selection of Co-Lead and Local Counsel

17  for the Class.

18  **A.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

19      **1.    The Procedural Requirements Pursuant To The PSLRA**

20      The PSLRA sets forth a detailed procedure that governs the appointment of a lead

21  Plaintiff in each private action arising under the Exchange Act that is brought as a

22  plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C.

23  §78u-4(a)(1) and (a)(3)(B)(i).  Specifically, the PSLRA provides that, within 20 days

24  after the date on which a class action is filed, the plaintiff or plaintiffs who filed the initial

25  complaint shall cause to be published, in a widely circulated national business-oriented

26  publication or wire service, a notice advising members of the purported plaintiff class:

27          (I)    of the pendency of the action, the claims asserted therein, and the purported
                    class period; and

28

(II)   that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).  Here, a notice was published on July 17, 2009 on *Market Wire* advising class members of the pendency of the action and that any class member wishing to serve as lead plaintiff must move for appointment by September 15, 2009. *See* White Decl., Exhibit A.

Furthermore, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiffs in response to any such notice within 60 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motions to consolidate any actions asserting substantially the same claim or claims.  Under this section, the court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

(aa)   has either filed the complaint or made a motion in response to a notice…

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA.  Moreover, Movant believes that he has the largest financial interest in the litigation, and otherwise meets the relevant requirements of Rule 23.

## 2.   **Movant Is "The Most Adequate Plaintiff"**

### (a)   **Movant's Motion for Appointment As Lead Plaintiff is Timely**

Under the deadlines established by the PSLRA, any class members interested in moving for the appointment as Lead Plaintiff in this matter must do so within 60 days of the date of publication of the notice of the first filed action, or September 15, 2009.  15

1  U.S.C. §78u-4(a)(3)(A) and (B).  Because this motion is filed within the requisite time

2  frame after publication of the notice, Movant's motion is timely.

3  **(b)  Movant Has the Largest Financial Interest Sought by the Class**

4  According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall presume that the most

5  adequate plaintiff is the "person or group of persons" that represent(s) the largest

6  financial interest in the relief sought by the action and who also meets the requirements

7  of Rule 23.  During the Class Period, as evidenced by, among other things, the

8  accompanying signed certification, *see* White Decl. Ex. B, Movant incurred a substantial

9  $2,473.20 loss on his transactions in Matrixx shares.  *See* White Decl. Ex. C.  In sum,

10  Movant believes he has the largest financial interest and should be appointed Lead

11  Plaintiff in this Action.

12  **(c)  Movant Otherwise Satisfies the Requirements of Rule 23**

13  In addition to possessing the largest financial interest in the outcome of the

14  litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of

15  the Federal Rules of Civil Procedure" in order to be the presumptively most adequate

16  plaintiff.  15 U.S.C. §78u-4(a)(3)(B).  To this end, Rule 23(a) provides that a party may

17  serve as a class representative only if the following four requirements are satisfied: (1)

18  the class is so numerous that joinder of all members is impracticable; (2) there are

19  questions of law or fact common to the class; (3) the claims or defenses of the

20  representative parties are typical of the claims or defenses of the class; and (4) the

21  representative parties will fairly and adequately protect the interests of the class.

22  Of the four prerequisites to class certification, only two—typicality and

23  adequacy—are relevant in the lead plaintiff analysis.  Consequently, in deciding the

24  motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and

25  adequacy prongs of Rule 23(a), and defer examination of the remaining requirements

26  until the Lead Plaintiff moves for class certification.  *See Armour v. Network Assocs.,*

27  *Inc.*, 171 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2001); *Takeda v. Turbodyne Tech., Inc.*,

28  67 F. Supp. 2d 1129, 1131-35 (C.D. Cal. 1999).

1    This interpretation is supported by the PSLRA, which provides that the most

2  adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not

3  fairly and adequately protect the interests of the class; or . . . is subject to unique defenses

4  that render such plaintiff incapable of adequately representing the class."  15 U.S.C.

5  § 78u-4(a)(3)(B)(iii)(II).  *See Mullen v. Treasure Chest Casino, LLC*, 186 F. 3d 620, 625

6  (5th Cir. 1999) (typicality requirement "is not demanding" and "[i]t focuses on the

7  similarity between the named plaintiffs' legal and remedial theories and the theories of

8  those whom they purport to represent"), *cert. denied*, 528 U.S. 1159 (2000).

9              (1)    **Movant's Claims Are Typical of the Class Claims**

10    Under Rule 23(a)(3), the claims or defenses of the representative parties must be

11  typical of those of the class.  "Typicality is satisfied where the claims arise from the same

12  conduct from which the other class members' claims and injuries arise."  *In re Initial*

13  *Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).  Typicality does not

14  require that there be no factual differences between the class representatives and the class

15  members because it is the generalized nature of the claims asserted that determines

16  whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552,

17  555 (D. Mass. 1988).  However, the requirement that the proposed class representatives'

18  claims be typical of the claims does not mean that the claims be identical.  *Pirelli*

19  *Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395,

20  412 (S.D.N.Y. 2004).

21    Here, Movant seeks to represent a class of purchasers of Matrixx common stock

22  that have identical, non-competing and non-conflicting interests.  Movant satisfies the

23  typicality requirement because he (a) purchased Matrixx shares during the Class Period at

24  prices alleged to have been artificially inflated by the false and misleading statements

25  issued by Defendants, and (b) was damaged by Defendants' alleged violations of the

26  federal securities laws.  Thus, Movant's claims meet the typicality requirement, since

27  questions of liability are common to all proposed class members.  *See Mullen*, 186 F.3d at

28  625.

1

(2)  **Movant Fulfills the Adequacy Requirement**

2     Under Rule 23(a)(4), the representative parties must "fairly and adequately protect

3  the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the

4  adequacy of the movant to: (1) whether there are any conflicts between the interests of

5  the movant and the members of the Class; (2) whether the movant is an adequate

6  representative of the Class; (3) whether the interests of the movant are clearly aligned

7  with the members of the putative Class; and (4) whether there is evidence of any

8  antagonism between their respective interests.  *See* 15 U.S.C. §78u-4(a)(3)(B); *see also In*

9  *re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121.

10     Here, Movant will more than adequately represent the interests of the class.  First,

11  Movant's interests are clearly aligned with the interests of the members of the proposed

12  class and there is no antagonism or conflict whatsoever between his interests and the

13  interests of the class members.  Second, Movant shares common questions of law and

14  fact with the members of the Class and his claims are typical of the other class members.

15  As evidenced by the injury that Movant suffered by purchasing shares of Matrixx

16  common stock at prices artificially inflated by the Company's materially false and

17  misleading statements, Movant's interests are clearly aligned with the interests of the

18  other members of the Class.

19     Third, Movant has already taken significant steps demonstrating his willingness to

20  protect the interests of the Class: (a) Movant has executed a sworn certification detailing

21  his Class Period transactions in Matrixx common stock (*see* White Decl. Exhibit B); (b)

22  Movant has expressed his willingness to serve as Lead Plaintiff in this action (*see* White

23  Decl. Exhibit B); (c) Movant has timely moved the Court to be appointed as Lead

24  Plaintiff; and (d) Movant has retained competent and experienced counsel who, as shown

25  below, will be able to conduct this complex litigation in a professional manner in order to

26  secure the best result for the class.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d

27  Cir. N.J. 2001).

28

1    Finally, Movant is a sophisticated and motivated individual investor who will

2    adequately represent the interests of all class members.  Thus, in addition to having the

3    largest financial interest, Movant also satisfies the typicality and adequacy requirements

4    of Rule 23.  Therefore, Movant satisfies all elements of the Exchange Act's prerequisites

5    for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-

6    4(a)(3)(B)(iii).

7    **B.**      **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

8    Pursuant to the PSLRA, the Lead Plaintiff shall, subject to Court approval, select

9    and retain counsel to represent the class.  15 U.S.C. §78u-4(a)(3)(B)(v).  Moreover, the

10   Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to

11   protect the interests of the plaintiff class."  *See* Statement of Managers—The "Private

12   Securities Litigation Reform Act of 1995," 141 Cong. Rec. H14691-08, at H13700 (daily

13   ed. Nov. 28, 1995); *see also In re Cavanaugh*, 306 F.3d 726, 732-733 (9th Cir. Cal. 2002)

14   (The court should honor the lead plaintiff's selection of counsel except in extreme

15   circumstances, where the selection of counsel appears "irrational" or is otherwise clearly

16   against the interests of the class members).

17   In that regard, Movant has selected the law firms of Saxena White and Faruqi to

18   serve as Co-Lead Counsel to pursue this litigation on his behalf and on behalf of the

19   class, and Movant has selected Tiffany Bosco to serve as Local Counsel.  As mentioned

20   above, Saxena White and Faruqi possess extensive experience litigating securities class

21   actions and have successfully prosecuted numerous securities fraud class actions on

22   behalf of injured investors.  As demonstrated in their firm resumes, Saxena White and

23   Faruqi have been appointed as lead or co-lead counsel in landmark, precedent-setting

24   class actions.  *See* White Decl., Exhibits D and E.  In addition, Tiffany Bosco has

25   extensive experience representing clients on business litigation, and in particular on

26   securities cases.  *See* White Decl., Exhibits F and G.  Accordingly, the Court may be

27   assured that, in the event the instant motion is granted, the members of the Class will

28   receive the highest caliber legal representation available.

1    Because there is nothing to suggest that Movant or his counsel will not fairly and

2    adequately represent the Class, or that Movant is subject to unique defenses—which is

3    the only evidence that can rebut the presumption of adequacy under the PSLRA—this

4    Court should appoint Movant as Lead Plaintiff and approve his selection of Saxena White

5    and Faruqi to serve as Co-Lead Counsel for the Class and Tiffany Bosco as Local

6    Counsel for the Class.

7                                         **CONCLUSION**

8    For the foregoing reasons, Movant respectfully requests that this Court: (i) appoint

9    Movant as Lead Plaintiff in the action and (ii) approve Movant's selection of Saxena

10   White and Faruqi as Co-Lead Counsel for the Class and Tiffany Bosco as Local Counsel

11   for the Class.

12   Dated: September 15, 2009.

13

14                                    Respectfully submitted,

15                                    **TIFFANY & BOSCO, P.A.**

16                                    By:  */s/ Richard G. Himelrick*

17                                    Richard G. Himelrick
                                      J. James Christian
18                                    Third Floor Camelback Esplanade II
                                      2525 East Camelback Road
19                                    Phoenix, Arizona 85016-4237
                                      Telephone: (602) 255-6000
20                                    Facsimile: (602) 255-0103

21                                    *Local Counsel*

22                                    **SAXENA WHITE P.A.**
                                      Maya Saxena
23                                    Joseph E. White III
                                      Christopher S. Jones
24                                    Lester R. Hooker
                                      2424 N. Federal Highway, Suite 257
25                                    Boca Raton, FL 33431
                                      Tel: (561) 394-3399
26                                    Fax: (561) 394-3382

27                                    **FARUQI & FARUQI, LLP**
                                      Nadeem Faruqi
28

369 Lexington Avenue, Tenth Floor
New York, NY 10017-6531
Tel: (212) 983-9330
Fax: (212) 983-9331

*Attorneys for Movant and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2009, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

- **Maureen Beyers**
  mbeyers@omlaw.com,lsmock@omlaw.com,ecfdc@omlaw.com

- **Amy J Longo**
  alongo@omm.com,trodriguez@omm.com

- **Molly J Magnuson**
  mmagnuson@omm.com,vhayes@omm.com,apowell@omm.com

- **David B Rosenbaum**
  drosenbaum@omlaw.com,kdourlein@omlaw.com,ecfdc@omlaw.com

- **Michael G Yoder**
  myoder@omm.com,apowell@omm.com

*/s/ Julie E. Graham*

15626-1 414089.wpd